*Breck, Caperton, Turner & Smith, for appellee.*

---

EAVES, WEIR & DADE *v.* JOSEPH MILLIKEN.

**Account—Answer.**

In an action on account, an answer denying that defendants ever agreed to pay a certain item of account, and that such bill was never presented to them for payment, is insufficient, as the defense does not go to the entire claim.

**Appeal—Reversal.**

A judgment will not be reversed for an error of only $3 in allowance by a commissioner.

**Court Commissioners—Waiver of Submission to Jury.**

The submission of a cause to a commissioner who was given the power to audit and settle the accounts between the parties, to send for persons and papers and take proof of the claims, was in effect, a waiver by the parties of the right to have the cause tried by a jury.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

January 14, 1874.

OPINION BY JUDGE LINDSAY:

It is not to be expected that this court shall take up the evidence in detail in order to determine whether or not the commissioner was justified in allowing or rejecting the various items embraced in the voluminous accounts presented by the parties. Our attention is called to the item of $28.00 allowed against appellants for board of Shirlock, and it is insisted that it is not sustained by the proof. The denial was not sufficient to put appellee upon the proof. It is in these words: "They deny that they ever agreed to pay the sum of $28 for Shiel & Sherlock, and state that said board bill was never presented to them for payment." It may be true that they did not agree to pay the exact amount claimed, and yet they may have agreed to pay within one cent of that sum. Their answer may be true, and yet they may owe $27.99 on the claim. Pleadings should be specific and definite, and in defense should go to the entire claim, or else the amount controverted should be set out. The fact that the account had not been presented for payment interposed no obstacle to appellee's recovery.

The item allowed to Tinsley is only $3, too small an amount to authorize the reversal of a judgment otherwise correct. The main ground relied on for a reversal is the action of the commissioner, and the judgment of the court rendered thereon without the intervention of a jury. The order of reference was made by consent of parties. The commissioner was directed to audit and settle the accounts between the parties, to send for persons and papers, to take proof of the claim of appellee and of the matters and things set up in the defendants' answer, either of set-off or counterclaim. He was to report how much of the set-off by the reply, and all other facts ascertained together with the proof, and an expression of opinion upon his part as to the character of judgment that should be rendered. He did all this, and as he was, with the consent of the appellants, invested with almost plenary power, they cannot complain because he exercised it. He certainly did not, in any particular, exceed his duty.

The submission of the cause to the commissioner with such extraordinary powers, was, in effect, a waiver by the parties of the

right to have the cause tried by a jury. The action is in every essential an action of account cognizable in equity. It might have been tried at law, but the parties, whilst permitting it to remain on the ordinary side of the docket, treated it as an equitable proceeding, and without demanding a jury, submitted it "upon the pleadings, proof and report of the commissioner and exceptions" thereto. Upon this submission a final judgment was properly rendered, and it is too late now to complain, that it was a jury case, and that the owner assumed to try it without a jury.

There is nothing in the record showing that appellants did not have an opportunity to be heard in argument.

Perceiving no available error the judgment is affirmed.

*M. D. Hays, for appellant.*

———, *for appellee.*